# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND THOMAS KOCH, | Case No. 1:15-cv-00438-SKO (PC) |
| Plaintiff, | ORDER DENYING REQUEST FOR INVESTIGATOR AND DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| AUDREY KING, et al., | |
| Defendants. | (Doc. 1) |
| | THIRTY-DAY DEADLINE |

## Screening Order

### I. Screening Requirement and Standard

Plaintiff Roland Thomas Koch ("Plaintiff"), a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 20, 2015. The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572

1  F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.   Discussion**

**A.   Summary of Complaint**

Plaintiff is a civil detainee at Coalinga State Hospital in Coalinga, California, and he brings this suit against Executive Director Audrey King; Administrators James Walters, Brandon Price, and K. Trumbly; Patients' Rights Advocate Daniel Wagner; and his entire treatment team.  Plaintiff alleges, in the scantest of terms, that his civil rights are being violated; his personal property has been lost, destroyed, and/or confiscated; and procedures governing "punishment" are being disregarded.  (Doc. 1, Comp., § IV.)  Plaintiff seeks the appointment of an investigator, damages, and injunctive relief.

**B.   Request for Appointment of Investigator**

"'[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress. . . .'"  *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting *United States v. MacCollum*, 426 U.S. 317, 321, 96 S.Ct. 2086 (1976)).  There is no provision for the appointment of an investigator to explore Plaintiff's claims of mistreatment, and his request is denied.

///

///

### C. <u>Insufficient Allegations to Support Claim for Relief</u>

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

In this case, Plaintiff fails to set forth any specific facts supporting a plausible claim for violation of his federal rights. An unauthorized deprivation of personal property, whether through loss, destruction, or confiscation, does not give rise to a viable claim for relief under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). While authorized, intentional deprivations of property are actionable under the Due Process Clause, *see Hudson*, 468 U.S. at 532, n.13; *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted). Plaintiff's conclusory assertion regarding his personal property falls well short of stating a viable due process claim.

With respect to the reference to "punishment," the mere violation of hospital policies or procedures does not give rise to a claim for relief under section 1983. *See Nurre*, 580 F.3d at 1092 (section 1983 claims must be premised on violation of federal constitutional right); *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (section 1983 creates cause of action for

3

violation of federal law); *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370-71 (9th Cir. 1996) (Federal and state law claims should not be conflated; to the extent the violation of a state law amounts to a deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, section 1983 offers no redress.) (quotation marks omitted).  Plaintiff, as a civil detainee, is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals, *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004), and his right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause, *Youngberg v. Romeo*, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982). However, Plaintiff's complaint is devoid of any facts supporting a claim that he is being subjected to conditions that rise to the level of a constitutional violation.

## III.     Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  In an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr*, 652 F.3d at 1205-07.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for the appointment of an investigator is denied;
2. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;

4

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 29, 2015**                     /s/ Sheila K. Oberto
                                                                    UNITED STATES MAGISTRATE JUDGE