UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND THOMAS KOCH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AUDREY KING, et al.,<br><br>　　　　Defendant(s). | 1:15-cv-00438 SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR AN EXTENSION OF TIME TO FILE A FIRST AMENDED COMPLAINT AND DENYING PLAINTIFF'S REQUEST FOR AN INVESTIGATOR AND INJUNCTIVE RELIEF<br><br>(Doc. 9)<br><br>45-DAY DEADLINE |

　　　　Plaintiff is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On January 25, 2016, Plaintiff filed a motion seeking a 90-day extension of time to file a first amended complaint.  (Doc, 7.)  Plaintiff did not justify his need for this extension other than to indicate that if he is to be thorough, his list of complaints cannot be brief and that documentation to support his claims exists, but that the facility refuses to release it to him.  (*Id.*)

　　　　An order issued on January 28, 2016, advising Plaintiff of various screening standards, informing him that documentation was not necessary at screening, and granting him 45-days to file a first amended complaint.  (Doc. 8.)  On February 2, 2016, Plaintiff filed a motion requesting the following: (for a second time) that an investigator be appointed; that hospital officials be ordered to give him copies of every rule violation he has and all documentation, and "every 'denial or rights' form filed concerning" him; and another extension of time to file his first

1

amended complaint.  (Doc. 9.)

"'[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress. . . .'" *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting *United States v. MacCollum*, 426 U.S. 317, 321, 96 S.Ct. 2086 (1976)).  There is no provision for the appointment of an investigator to explore Plaintiff's claims of mistreatment.

Plaintiff's request for hospital officials to be ordered to provide him copies of documentation is construed as a request for preliminary injunctive relief.  Plaintiff's Complaint was screened and dismissed since it did not state any cognizable claims under 42 U.S.C. § 1983.  (Doc. 6.)  Thus, there is no actual case or controversy before the Court at this time and the Court lacks the jurisdiction to issue the orders sought by Plaintiff.  *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1149 (2009); *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1119 (9th Cir. 2009); 18 U.S.C. § 3626(a)(1)(A).  Further, assuming that Plaintiff is able to amend to state a claim, the pendency of this action will not entitle Plaintiff to the issuance of a preliminary injunction aimed at securing his ability to litigate effectively or efficiently.  *Id*.  The Court's jurisdiction will be limited to the issuance of orders that remedy the underlying legal claim.  *Id*.

Accordingly, IT IS HEREBY ORDERED that:

(1) Plaintiff's motion for appointment of an investigator and preliminary injunction, filed on February 3, 2016, is DENIED; and

(2) Plaintiff is granted forty-five (45) days from the date of service of this order in which to file a first amended complaint.

IT IS SO ORDERED.

Dated:  **February 9, 2016**                             **/s/ Sheila K. Oberto**
                                                                          UNITED STATES MAGISTRATE JUDGE