# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND THOMAS KOCH,<br><br>       Plaintiff,<br><br>  v.<br><br>AUDREY KING, et al.,<br><br>       Defendant(s). | **1:15-cv-00438 SKO (PC)**<br><br>**ORDER DISMISSING ACTION WITH LEAVE TO AMEND**<br><br>**(Doc. 11)**<br><br>**21-DAY DEADLINE** |

## INTRODUCTION

### A.    Background

Plaintiff, Roland Thomas Koch, a civil detainee proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 20, 2015.  Despite previously having been given the pleading and legal standards, Plaintiff fails to state a cognizable claim against any of the named Defendants.  Thus, the First Amended Complaint is dismissed and Plaintiff is granted **one final opportunity** to correct the deficiencies in his pleading.

### B.    Screening Requirement and Standard

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint, or

portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).

### C.    Pleading Requirements

#### 1.    Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal.  A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases.  *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).  The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity.  Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual

2

1
2

allegations are accepted as true, but legal conclusions are not.  *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

3
4
5
6
7
8
9
10
11
12
13
14

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

15
16
17
18

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time."  *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

19
20
21
22
23
24
25

If he chooses to file a second amended complaint, Plaintiff should endeavor to make it as concise as possible.  He should state which of his constitutional rights he believes were violated by each Defendant and set forth the supporting facts.  Plaintiff need not and should not cite legal authority for his claims in a second amended complaint.  His factual allegations are accepted as true and need not be bolstered by legal authority at the pleading stage.  If Plaintiff files a second amended complaint, his factual allegations will be screened under the legal standards and authorities stated in this order.

26

/ / /

27

/ /

28

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 2.    Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. However, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe*, 627 F.3d at 342.

### DISCUSSION

#### A.    Plaintiff's Allegations

Plaintiff is civilly detained at Coalinga State Hospital ("CSH") pursuant to California's Sexually Violent Predator Act contained within Welfare & Institution Code sections 6600 et seq. ("SVPA"). A Sexually Violent Predator ("SVP") is statutorily defined as an individual with "a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Welf. & Inst. Code §

4

6600(a).[1]  The SVPA authorizes the involuntary civil commitment of a person who has completed

a prison term, but has been given a "full evaluation" and found to be a sexually violent predator.

*Reilly v. Superior Court*, 57 Cal.4th 641, 646 (2013); *People v. McKee*, 47 Cal.4th 1172, 1185

(2010).

Plaintiff contends that his property was taken and not returned for several years and that

CSH staff are not complying with current California laws and policies.  Though Plaintiff may be

able to pursue his claims in California Superior Court, for the reasons discussed below, he fails to

state any allegations upon which to find a cognizable claim under section 1983.

### B.    Legal Standards

To determine whether conditions of confinement of civilly committed individuals have

been violated, courts look to the substantive due process clause of the Fourteenth Amendment.

*Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982); *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th

Cir. 2004).  States are thus required "to provide civilly-committed persons with access to mental

health treatment that gives them a realistic opportunity to be cured and released," *Sharp v.*

*Weston*, 233 F.3d 1166, 1172 (9th Cir. 2000) (citing *Ohlinger v. Watson*, 652 F.2d 775, 778 (9th

Cir. 1980)), via "'more considerate treatment and conditions of confinement than criminals whose

conditions of confinement are designed to punish.'"  *Id.* (quoting *Youngberg v. Romeo*, 457 U.S.

307, 322 (1982)).

Although civilly detained persons must be afforded more considerate treatment and

conditions of confinement than criminals, where specific standards are lacking, courts may look

to decisions defining the constitutional rights of prisoners, to establish a floor for the

constitutional rights of persons detained under a civil commitment scheme.  *Padilla v. Yoo*, 678

F.3d 748, 759 (9th Cir. 2012) (citing *Hydrick v. Hunter*, 500 F.3d 978, 989 (9th Cir. 2007),

*vacated and remanded on other grounds by* 556 U.S. 1256 (2009)).  Eighth Amendment

standards may be borrowed to establish the constitutional floor.  *Frost v. Agnos*, 152 F.3d 1124,

1128 (9th Cir. 1998); *Redman v. County of San Diego*, 942 F.2d 1435, 1441 (9th Cir. 1991),

---

[1] California voter-approved Proposition 83 validly extended the term of commitment under the SVPA to an indeterminate period, ensuring the SVP remains in custody until successfully proving he or she is "no longer an SVP or the Department of Mental Health determines he [or she] no longer meets the definition of an SVP."  *Bourquez v. Superior Court*, 156 Cal.App.4th 1275, 1287 (2007); Welf. & Inst. Code §§ 6605, 6608(i).

1    *abrogated on other grounds by* 511 U.S. 825 (1994).

2                    **1.      Substantive Due Process**

3          "To establish a violation of substantive due process . . . , a plaintiff is ordinarily required

4    to prove that a challenged government action was clearly arbitrary and unreasonable, having no

5    substantial relation to the public health, safety, morals, or general welfare.  Where a particular

6    amendment provides an explicit textual source of constitutional protection against a particular

7    sort of government behavior, that Amendment, not the more generalized notion of substantive due

8    process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874

9    (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 520 U.S. 1240

10   (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998).  However, "[t]he substantive

11   rights of civilly committed persons derive from the Due Process Clause of the Fourteenth

12   Amendment and not the Cruel and Unusual Punishment Clause of the Eighth Amendment."

13   *Endsley v. Luna*, No. CV 06-06961-DSF (SS), 2009 WL 789902, at *4 (C.D.Cal. Mar.23, 2009),

14   (citing *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982)); *Bell v. Wolfish*, 441 U.S. 520, 535 n.

15   16 (1979); *see also Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (person not criminally convicted

16   may be detained if mentally ill and dangerous but may not be "punished").

17         The substantive component of the Due Process Clause protects civil detainees from

18   unconstitutional conditions of confinement and ensures a plaintiff's right to personal safety while

19   in a state detention facility.  *Youngberg v. Romeo*, 457 U.S. 307, 315 (1982).  The Supreme Court

20   has noted that the right to personal security constitutes a "historic liberty interest" protected

21   substantively by the Due Process Clause.  *Id.*, (quoting *Ingraham v. Wright*, 430 U.S. 651, 673

22   (1977)).  That right is not extinguished by lawful confinement, even for penal purposes.  *See*

23   *Hutto v. Finney*, 437 U.S. 678 (1978).  "[T]he due process rights of a pretrial detainee are 'at least

24   as great as the Eighth Amendment protections available to a convicted prisoner.'"  *Castro v.*

25   *County of Los Angeles,* 833 F.3d 1060, 1067 (9th Cir. 2016) (cert filed on other grounds, 16-655

26   (Nov. 18, 2016) (quoting *City of Revere v. Mass. Gen. Hosp*., 463 U.S. 239, 244 (1983)).

     / / /

27   / /

28

1

2          **2.      Deprivation of Property**

3          The Due Process Clause protects prisoners from being deprived of property without due

4   process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected

5   interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However,

6   while an authorized, intentional deprivation of property is actionable under the Due Process

7   Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush*

8   *Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent

9   nor unauthorized intentional deprivations of property by a state employee "constitute a violation

10  of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a

11  meaningful postdeprivation remedy for the loss is available," *Hudson v. Palmer*, 468 U.S. 517,

12  533 (1984). The Due Process Clause is violated only when the agency "prescribes and enforces

13  forfeitures of property without underlying statutory authority and competent procedural

14  protections," *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing

    *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

15          There is no cause of action under 42 U.S.C. § 1983 for the unauthorized deprivation of

16  property, either intentional or negligent, by a state employee if a meaningful state post-

17  deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

18  California law provides an adequate post-deprivation remedy for any property deprivations.

19  *Barnett v. Centoni*, 31 F.3d 813, 816-817 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

20  Plaintiff's allegation that CSH employees are not following CSH policy and procedures and have

21  not returned his missing property is not cognizable under section 1983.

22          **3.      Internal Grievance Process**

23          Plaintiff contends that grievances at CSH are not processed and handled correctly.

24  However, there is no "separate constitutional entitlement to a specific prison grievance

25  procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in

26  processing of appeals because no entitlement to a specific grievance procedure), citing *Mann v.*

27  *Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right

    only, it does not confer any substantive right[s] . . . ." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10

28

1

2

(N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Massey v.*

3

*Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty

4

interest on prisoner).  "Hence, it does not give rise to a protected liberty interest requiring the

5

procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F.

6

Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing

7

prisoner's administrative appeal generally cannot serve as the basis for liability under a § 1983

8

action.  *Buckley*, 997 F.2d at 495.  Plaintiff thus cannot state a cognizable claim under section

1983 simply for the mishandling of internal grievances at CSH.

9

### 4.       California Tort Claims Act

10

Under the California Tort Claims Act ("CTCA"), set forth in California Government Code

11

sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public

12

employee or entity unless the plaintiff first presented the claim to the California Victim

13

Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on

14

the claim, or the time for doing so expired.  "The Tort Claims Act requires that any civil

15

complaint for money or damages first be presented to and rejected by the pertinent public entity."

16

*Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995).  The purpose of this requirement is "to

17

provide the public entity sufficient information to enable it to adequately investigate claims and to

18

settle them, if appropriate, without the expense of litigation."  *City of San Jose v. Superior Court*,

19

12 Cal.3d 447, 455 (1974) (citations omitted).  Compliance with this "claim presentation

20

requirement" constitutes an element of a cause of action for damages against a public entity or

21

official.  *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004).  In the state courts,

22

"failure to allege facts demonstrating or excusing compliance with the claim presentation

23

requirement subjects a claim against a public entity to a demurrer for failure to state a cause of

action."  *Id*. at 1239 (fn. omitted).

24

To be timely, a claim must be presented to the VCGCB "not later than six months after

25

the accrual of the cause of action."  Cal. Govt.Code § 911.2.  Thereafter, "any suit brought against

26

a public entity" must be commenced no more than six months after the public entity rejects the

27

claim.  Cal. Gov. Code, § 945.6, subd. (a)(1).

28

8

Federal courts must require compliance with the CTCA for pendant state law claims that seek damages against state employees or entities.  *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995).  State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the applicable requirements.  *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).  Although Plaintiff claims may be viable under California law, he fails to allege any facts demonstrating compliance with the CTCA.

**5.      Supplemental Jurisdiction**

Further, pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary."  *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

If Plaintiff has complied with the CTCA, jurisdiction over his claims under California law will only be extended by this Court as long as he has federal claims pending.  However, where Plaintiff's claims are all based on violation of California law, the Court will not exercise supplemental jurisdiction without a viable claim for violation of federal law.

//

//

//

1

## __ORDER__

2      For the reasons set forth above, Plaintiff's First Amended Complaint is dismissed with

3  leave to file a second amended complaint within **twenty-one (21) days**.  Any such second

4  amended complaint shall not exceed **25 pages** in length.  If Plaintiff needs an extension of time to

5  comply with this order, Plaintiff shall file a motion seeking an extension of time no later than

6  **twenty-one (21) days** from the date of service of this order.

7      Plaintiff must demonstrate in any second amended complaint how the conditions

8  complained of have resulted in a deprivation of his constitutional rights.  *See Ellis v. Cassidy*, 625

9  F.2d 227 (9th Cir. 1980).  The second amended complaint must allege in specific terms how each

10  named defendant is involved.  There can be no liability under section 1983 unless there is some

11  affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo*

12  *v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v.*

13  *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

14      Plaintiff's second amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Such a short

15  and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds

16  upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*

17  *v. Gibson*, 355 U.S. 41, 47 (1957)).  Although accepted as true, the "[f]actual allegations must be

18  [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. 127, 555

19  (2007) (citations omitted).  Plaintiff is further reminded that an amended complaint supercedes

20  the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1

21  (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior

22  or superceded pleading,"  Local Rule 220.

23      The Court provides Plaintiff with **__one final opportunity__** to amend to cure the deficiencies

24  identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

25  Plaintiff may not change the nature of this suit by adding new, unrelated claims in a second

26  amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

27  complaints).

28  *//*

1    Based on the foregoing, it is HEREBY ORDERED that:

2        1.      Plaintiff's First Amended Complaint is dismissed, with leave to amend;

3        2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

4        3.      Within **twenty-one (21) days** from the date of service of this order, Plaintiff must

5    file either a second amended complaint curing the deficiencies identified by the Court in this

6    order or a notice of voluntary dismissal; and

7        4.      **If Plaintiff fails to comply with this order, this action will be dismissed for

8    failure to obey a court order and for failure to state a claim.**

9

10   IT IS SO ORDERED.

11   Dated:   **January 11, 2017**                          /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE

11